## ENOCK SMITH *v.* JABEZ DONLEY.

**Interest—Use of Money Under Order of Court.**

　　Where by a consent order a party was permitted to withdraw money paid into court and use it, he must account for interest thereon.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

March 25, 1874.

OPINION BY JUDGE PRYOR:

The only error prejudicial to appellant consists in the refusal of the court to allow him interest on the money from the date of the consent order, by which it was agreed that the appellee might withdraw it and use the same in any way he pleased, and that the legal effect of the tender should be the same as it would be if the money were to remain in court.

The only object of this consent order, or its effect, at least, was to preclude the appellant from denying the fact that any such ten-

der had been made. If the money had not been tendered in court, the appellee would have been liable for costs, and in addition could not have raised the legality of his tender in this court. Upon the refusal of the appellee to withdraw the money, it would have been placed in the hands of a receiver, either on the motion of the appellant, or by the court of its own motion, with directions to loan it out, and the money would have been regarded as in court and under its control. The appellee having consented to withdraw it, with permission to use it, must account for the interest, for if left with the court, interest would have been realized on the amount. The appellee must not only pay this interest, but must pay the costs of the litigation since the return of the case to the court below on the original appeal, as he has refused to pay or tender to the appellant the amount of money to which he was entitled.

The judgment is reversed and the cause remanded with directions to enter a judgment in conformity with this opinion.

Judge Peters not sitting.

*Apperson & Reid, Turner & Cornelison, for appellant.*

*Simpson, for appellee.*